# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 19-458V
UNPUBLISHED

| | |
|---|---|
| CHERYL PORTER,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: July 13, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Jessica Olins, Maglio Christopher & Toale, PA, Washington, DC,* for petitioner.

*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC,* for respondent.

## RULING ON ENTITLEMENT[1]

On March 28, 2019, Cheryl Porter filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of her September 28, 2016 influenza ("flu") vaccination. Petition at 1, 4-5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 7, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Specifically, Respondent indicates that

> [m]edical personnel at the Division of Injury Compensation Programs ("DICP"), Department of Health and Human Services, have reviewed the petition and medical records filed in this case, as well as the relevant medical literature regarding petitioner's alleged injury. Based on that review, DICP concluded that petitioner suffered a Table SIRVA.  No other causes for petitioner's SIRVA were identified. *See* 42 U.S.C. § 300aa-13(a)(1)(B).

*Id.* at 5 (footnote omitted).  Respondent further agrees that "the statutory six month sequela requirement has been satisfied. *See id*. § 300aa-11(c)(D)(I). Therefore, based on the current record, petitioner has satisfied all legal prerequisites for compensation under the Act."  *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
